NORBERG, Appellant, v. CITY OF WATERTOWN, Respondent.

(221 N. W. 700.)

(File No. 6226. Opinion filed November 9, 1928.)

*McFarland & Kremer*, of Watertown, for Appellant.

*A. Sherin* and *Howard B. Case*, both of Watertown, for Respondent.

BROWN, J. ▮ Plaintiff sued the city of Watertown and the members of its city council and park board for damages alleged to have been sustained in diving from a diving board in the city park, negligently maintained in shallow water by defendants. The case was before this court on a demurrer to the complaint (Norberg v. Hagna, 46 S. D. 568, 195 N. W. 438, 29 A. L. R. 841), at which time it was established as the law of the case that it is the duty of a municipal corporation to keep its public parks and their appurtenances therein in a reasonably safe condition for all who may lawfully use them. The complaint was held to be sufficient as against the city of Watertown, but the case was dismissed as to all the other defendants. After remand, the city answered, denying negligence, and pleading contributory negligence on the part of plaintiff, and, on trial to a jury, a verdict in favor of plaintiff was returned; thereafter defendant moved in the alternative for a new trial or for judgment notwithstanding the verdict, and the court granted the motion for judgment notwithstanding the verdict, on the ground that plaintiff had failed to show that defendant was guilty of any negligence that would sustain a judgment, and that plaintiff was guilty of contributory negligence.

In the opinion on the former appeal this court said:

"While the question whether the placing of a diving board in such a place constitutes negligence is a question of fact for a jury to determine, yet for the purposes of this appeal we must hold that the complaint states a cause of action in that behalf."

Appellant contends that this is the "law of the case," and, the jury having determined that the city was guilty of negligence in placing the spring board, the lower court had no authority, on the ground of insufficiency of evidence, to set aside the verdict or grant judgment notwithstanding the verdict. While the decision on the former appeal is the law of the case on the question of the complaint stating a cause of action, it is not the law of the case to the extent of holding that a jury verdict that the city was guilty of negligence is necessarily final, irrespective of whether or not it is supported by any evidence.

If there was sufficient evidence, if uncontradicted, to warrant the submission of the case to the jury, it was error for the court to grant the motion for judgment notwithstanding the verdict, because, the jury having found for the plaintiff, all conflict in the evidence must be resolved in support of the verdict.

The exact depth of the water at the diving pier at the time of the accident was not measured by any one, and estimates of its depth vary from about 30 inches to between 4 and 5 feet. Plaintiff testified that he was 30 years of age, and had been swimming and diving from the time he was 12 years old until the time of his injury; that this was the first time he had gone swimming in Lake Kampeska; that he could not see the bottom of the water from the end of the pier, but assumed from the presence of the diving board that it is was safe for ordinary diving; and that he dived off the board in the ordinary way at an angle of about 45 degrees, struck his head on the bottom, and was severely injured.

About the fact and severity of the injury there is no question. Carl Odegard, a banker in Watertown, testified that he had been swimming and diving since he was 10 years old, but, on account of the shallowness of the water, had not in 1921 dared to dive from this diving board. There was evidence on behalf of defendant that men weighing from 175 to 220 pounds had dived there regularly from the time the pier was put in, about the 1st of June, until plaintiff was injured, on the 14th of that month, and that no one had been injured prior to the time of plaintiff's injury.

No actual notice had ever been given to any of the members of the governing body of the municipality or to any of its officers that the maintenance of the diving board in the depth of water where it was placed was dangerous, but the evidence shows

that the water remained at practically the same depth from the time that the pier was put in until the injury to plaintiff occurred. The city constructed and put in the pier and diving board, and therefore had notice of its position and the depth of the water, and was required to make the diving place reasonably safe for the purpose for which it was to be used. City of Ft. Collins v. Roten, 72 Colo. 182, 210 P. 326; Warden v. City of Grafton, 99 W. Va. 249, 128 S. E. 375, 42 A. L. R. 259.

The divergence in estimates of the depth of the water and of the height of the diving board above the water, by different witnesses, the testimony of Odegard that he had been swimming and diving since he was about 10 years of age, and that he considered the water too shallow for safe diving at this place in June, 1921, and the fact that plaintiff had been in the habit of swimming and diving from the time he was 12 years of age, and never before got injured, and that he made an ordinary dive on this occasion when he was injured, in our opinion, made a question for the jury, both as to defendant's negligence and the contributory negligence of plaintiff.

It follows that the court erred in granting the motion for judgment notwithstanding the verdict, and the judgment and order appealed from are therefore reversed, and the cause remanded, with directions to the trial court to enter judgment on the verdict returned by the jury.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.