## O'ROURKE v. CITY OF SIOUX FALLS.

1. A demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, is sufficient in form if it state the ground in the language of the statute, without further specification of particular defects.

2. There are generally two kinds of duties imposed upon a municipal corporation—one for governmental purposes, to be discharged by the cor-

poration as one of the political divisions of the state; the other arising from the grant of some special power, in the exercise of which the corporation acts as a legal individual.

3. In the enactment of ordinances, and in the appointment of officers and agents for their enforcement, the municipality is exercising a governmental authority, and within its limits acts as the representative of the state.

4. In such case municipal officers are regarded as agents, not of the municipal corporation, but of the state, and the municipality is not answerable for the nonfeasance or misfeasance of such officers.

5. The fact that a cannon is placed in one of the public streets of a city and there fired, in violation of an ordinance, whereby one is injured, does not make the city liable for such injury, although it was known to the officers of such city that the cannon was to be fired, and they took no steps to prevent it.

6. Under such circumstances, the firing having occurred in the evening, an allegation in the complaiut that the city had the power, and had undertaken to exercise it, to light the streets of the city, and that the accident occurred "by reason of the failure of the city to have a light at or near the place of the accident," does not sufficiently charge negligence on the part of the city, since the absence of a light at that particular time and place might be accounted for in many ways consisent with freedom from legal negligence.

(Syllabus by the court. Opinion filed April 19, 1893.)

Appeal from circuit court, Minnehaha county. Hon. F. R. AIKENS, Judge.

Action by Maggie O'Rourke against the city of Sioux Falls to recover for personal injuries sustained by the firing of a cannon, negligently permitted by the officers of the city. A demurrer to the complaint was sustained, and plaintiff appeals. Order affirmed.

*Joe Kirby,* for appellant.

The demurrer should have been disregarded, because not sufficiently specific. § 114 C. C. Proc.

Cities and towns are liable for certain classes of negligence which result in injury to individuals. Dillon Mun. Corp., §§ 26, 27, 966; 15 Am. & Eng. Enc. Law, 1143; Barnes v. Dishick, 91 U. S. 540. Cities may be held for negligence in not enforc-

ing an ordinance.   Larson v. Grand Forks, 3 Dak. 307; Taylor v. Cumberlain, 64 Md. 68; Mayor v. Marriott, 9 Md. 160.

*Chas. L. Brockway* and *D. E. Powers*, for respondent.

Cities are not liable for negligence in not enforcing police regulations or ordinances.   1 Dillon Mun. Corp. §§ 950, 952; Whitfield v. City, 15 L. R. A. 783; Dodge v. Granger, 15 L. R. A. 787; Peck v. Austin, 2 Tex. 162; Ray v. City, 88 Am. Dec. 192; Schultz v. City, 49 Wis. 254.

The persons unlawfully discharging the cannon in the street, causing injury to plaintiff, are liable, not the city.   Robinson v. Greenville, 42 Ohio St. 625; Morristown v. Fitzpatrick, 94 Pa. St. 121; Boyland v. New York, 1 Soudf. 27; Campbell v. Montgomery, 53 Ala. 527; City v. Timberdake, 88 Ind. 330.

KELLAM, J.   This is an appeal from an order sustaining a demurrer to appellant's complaint, on the ground that it ''does not state facts sufficient to constitute a cause of action against the defendant."   A preliminary question is presented by the contention of appellant that under Section 4910, Comp. Laws, providing that the demurrer shall be disregarded unless it distinctly specify the grounds of objection, the court should have refused to entertain the demurrer, and, in the language of the statute, should have disregarded it.   Appellant contends that even if, generally, that form of demurrer is allowable, as ''where the question is a lack of sufficient allegations in the complaint, yet it is not sufficient where it is attempted to take advantage of affirmative facts alleged in the complaint."   While we recognize some force and reason in the suggestion, we think the distinction has not generally been observed, and that the contrary rule prevails.   Maxw. Code Pl. 381; Bayliss Code Pl. 216, 217; Bliss Code Pl. § 416; Getty v. Railroad Co., 8 How. Pr. 177; Henderson v. Johns, 13 Colo. 280, 22 Pac. Rep. 461; Turnpike Co. v. Sidener, 40 Ind. 424.   The facts alleged in the complaint as constituting the plaintiff's cause of action are that the

defendant city, through its common council, appointed and continued in officer a careless, inefficient and negligent police force; that at the time of the accident referred to there was in force in said city an ordinance prohibiting the firing of guns and cannon within the limits of said city, but that with full knowledge on the part of the members of the common council of said city that it was to be done, the said police officers of said city permitted a cannon to be placed in one of the public streets of said city, and there carelessly fired after dark, and at a time when it could not be discovered by travelers on said street, and that plaintiff, while passing along said street, was, without any fault or negligence upon her part, struck by the wadding so fired from said cannon, and greatly injured. In a second count of the complaint it is alleged that the said defendant city, through its officers and employes, negligently and carelessly allowed the said street to be obstructed by a nuisance, to-wit, a large cannon, which it negligently and carelessly permitted to be exploded upon said public street under the circumstances, and in the manner, described in the first count, well knowing the dangerous character of said cannon, and of such explosion, resulting in the injury to the plaintiff already noticed. And in a third count it is alleged that at the time of said accident the common council of said city had and exercised the power of causing the public streets of said city to be lighted for the purpose of preventing accidents and injury to travelers thereon after dark, but that, by reason of the failure of said defendant city to have a light in the street in the vicinity of this cannon, the accident and injury occurred, as already described.

　　It will be observed that the theory of the first count or alleged cause of action is that of actionable negligence in appointing and maintaining in office negligent and inefficient officers, and knowingly permitting the violation of a city ordinance; the theory of the second count is in knowingly allowing the public street to be obstructed by a nuisance; and that of the

third, failure of the city to light the street in the vicinity of the accident, it possessing the power to light the streets, and having undertaken to exercise it. There are two kinds of duties imposed upon a municipal corporation, in respect to which there is a clear distinction,—one is imposed for governmental purposes, and is discharged in the interest of the public, and the other arises from the grant of some special power, in the exercise of which the municipality acts as a legal individual. In the latter case the power is not held or exercised by the municipality as or because it is one of the political subdivisions of the state, and for public governmental purposes, but as and because it is, as an individual might be, the grantee of such power for private purposes. In such case the municipality is on the same footing with a private grantee of the same power, and is, like him, liable for an injury caused by the improper use of such power. But where the power is conferred upon the municpality as one of the political divisions of the state, and conferred, not for any benefit to result therefrom to such municipality, but as a means in the exercise of the sovereign power for the benefit of the public, the corporation is not answerable for nonfeasance or misfeasance by its public agents. Maxmilian v. Mayor, 62 N. Y. 160; Eastman v. Meredith, 36 N. H. 284; Robinson v. Greenville, 42 Ohio St. 625; Lafayette v. Timberlake, 88 Ind. 330; Dill. Mun. Corp. (4th Ed,) § 975. In the enactment of ordinaces, and in the appointment of officers and agents for their enforcement, the municipality is exercising a governmental authority, and, within its limits, acts as the representative of the state, and its officers are regarded as agents, not of the city corporation, but of the state. Their powers and duties are derived from the law, and not from the city under which they hold their appointment. In Buttrick v. Lowell, 1 Allan 172, Bigelow, C. J., says: "Police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the legislature as a convenient mode

of exercising a function of government, but this does not render the cities and towns liable for their unlawful or negligent acts." See, also, Maxmilian v. Mayor, *supra*; Norristown v. Fitzpatrick, 94 Pa. St. 121; Hayes v. Oshkosh, 33 Wis. 314.

In Norristown v. Fitzpatrick, *supra*, the action was for injury to a person while lawfully upon the street, by the firing of a cannon, which had been kept up for several hours, and must have been known to the borough officials. A policeman stood by, and made no effort to prevent it. The court held that the officers were not agents of the municipality, so as to render it liable for their negligence, and that the plaintiff could not recover. In Ball v. Woodbine, 61 Iowa, 83, 15 N. W. Rep. 846, plaintiff, being entirely without fault, was struck in the face and injured by a fire rocket, which, with other fireworks, was being discharged, not only with full knowledge on the part of the council and officers of the town, but with their assistance and encouragement, and in open violation of law. The court sustained a demurrer to the complaint, saying: "We think the facts show no more than a violation of an ordinance of the town, in which violation the officers of the town were active participants." In Morrison v. City of Lawrence, 98 Mass. 219, the injury complained of was caused by plaintiff's intestate being struck in the face by a rocket fired by the city marshal, or by a policeman detailed by him, as a part of a display of fireworks ordered by the city council. The court held that the city was not liable. Robison v. Greenville, 42 Ohio St. 625, presented facts very similar to those before us. The plaintiff was injured by being struck by wadding discharged from a cannon placed in one of the streets of the city and fired by permission of the city authorities. A complaint setting forth these facts, and the nonnegligence of the plaintiff, and the careless-and negligence of the defendant and its officers, was held to state no cause of action against the municipality. In Schultz v. City of Milwaukee, 49 Wis. 254, 5 N. W. Rep. 342, the plaintiff, while carefully passing over a public street in the defend-

ant city, was run against and injured by a coasting sled running furiously down such street; the said street was constantly used for such dangerous purpose of coasting, with the full knowledge and permission of the authorities and officers of said city.   The supreme court reversed the order of the trial court overruling a demurrer to the complaint, holding that it did not state a cause of action against the city.

But it can hardly be necessary to multiply authorities. The rule of nonliability of a municipal corporation for the failure or neglect of its officers to properly perform their police duties is too well established to be debatable.   It rests largely, at least, upon the principle already noticed,—that the officers, in the discharge of such duties, are not the agents of the municipality, but of the state.   The implied liability of the municipality for failure to keep its streets in repair has generally, but not always, been recognized; but such implied liability, where it is held to exist, has generally been put upon the theory that such duty is imposed upon the corporation itself, and not upon its officers, as agents of the state.   Dill. Mun. Corp. (4th Ed.) § 1017.   Taylor v. Cumberland, 64 Md. 68, 20 Atl. Rep. 1027, cited by appellant, may not be entirely in harmony with the conclusions we have announced as drawn from a large number of cases, of which those herein referred to are representative: In the Maryland case the liability of the corporation for an injury inflicted upon a passer-by by a coasting sled was held to depend upon the question of fact whether or not the corporation, through its officers, had made reasonable and diligent effort to enforce the ordinances of the city which were designed to prevent such accidents.   The question of liability was discussed as an original one, and not one of the many cases holding nonliability was referred to.   We think, however, the views we have expressed are fully sustained by the cases cited, and many more that might be added.

The last count of the complaint was probably intended to charge negligence in not properly lighting the street at the

place of the accident. Whether negligence in this respect, with the other facts stated, would constitute a cause of action, we do not now undertake to say. The complaint simply alleges ''that by reason of the failure of said city to have a light at or near'' the place of the accident, the plaintiff was injured in the manner indicated. There is no allegation of negligence on the part of the city, or facts showing it. The mere fact that there was no light there, even if there should have been, does not necessarily show negligence. Its absence might be accounted for in many ways entirely consistent with freedom from legal negligence. We think the demurrer to the complaint was properly sustained, and the order of the circuit court is affirmed. All the judges concurring.