GLIRBAS, Respondent, v. CITY OF SIOUX FALLS, Appellant.

(264 N. W. 196.)

(File No. 7811.   Opinion filed December 21, 1935.)

*Hugh S. Gamble*, of Sioux Falls, for Appellant.

*Dougherty & Flood*, of Sioux Falls, for Respondent.

ROBERTS, J. ▮ This is an action against the city of Sioux Falls to recover damages for the death by drowning of plaintiff's son.   After setting forth the municipal corporate organization of the city and the maintenance of a public swimming pool on land owned and maintained by the city, the complaint alleges that: "The swimming pool was so kept and maintained without proper protection and without proper guard for the safety of minors and others who were not expert swimmers; that the water in said swimming pool was of an exceedingly cold nature and that in parts of said swimming pool the water was of great depth so as to be unsafe for minors and other persons who were not expert swimmers."   It is also alleged that the lifeguards employed by defendant city negli-

gently failed to discover the peril of plaintiff's son. From the order overruling demurrer to the complaint, the defendant city has appealed.

This court in Norberg v. Hagna, 46 S. D. 568, 195 N. W. 438, 29 A. L. R. 841, held that the maintenance of bathing facilities in a public park by a city does not constitute the exercise of a governmental function within the meaning of the law that exempts cities from liability for the negligence of their officials and employees in the performance of such function, and that the defendant city was liable for injuries resulting from the placing of a spring board above the surface of shallow water. A pronounced difference of opinion exists upon the question whether such activity is a proprietary or ministerial, rather than a governmental, function. The rule of liability has been recognized in this state, and no useful purpose would be served by further discussion. The cases are reviewed in notes in 29 A. L. R. 863, 42 A. L. R. 263, and 75 A. L. R. 1196; see also, 34 Yale Law Rev. 1, 129, and 34 Harvard Law Rev. 66. Counsel for defendant seeks to distinguish the Norberg Case from the one at bar. The park facilities in that case were under the supervision of a park board created by ordinance (sections 6434-6443, Rev. Code 1919), and no statute existed providing immunity from liability for negligence. It is the claim of counsel for defendant that the city of Sioux Falls adopted the provisions of chapter 260, Laws 1915 (sections 6444-6523, Rev. Code 1919), by a majority vote of electors voting at the city election in April, 1915; that by the provisions of this statute the parks of the city came and have since continued under the control and management of a board of park supervisors; and that the city under the provisions of section 6508, Rev. Code 1919, as amended by section 9, chapter 237, Laws 1925, is exempted from liability. This section reads in part as follows: "No action shall lie against the board or against the city or the governing body of the city to recover for injuries sustained by any person through the negligence of the officers or employees of the board while engaged in the improvement, maintenance, or operation of land owned or operated as a park or for park purposes, providing, however, that nothing herein contained shall operate to prevent any employee of the board or of the city from maintaining an action to recover damage for injuries received in the course of his employment."

■■ It does not appear from the allegations of the complaint that defendant city has adopted the provisions of this statute which had its origin in the act of 1915 and which could not have become operative without submitting the question to the electors of the city. Counsel, asserting that courts may make, concerning a fact which as a judicial function they are required to know, such inquiry as they deem necessary to verify the fact, requested the trial court to examine the files of the city auditor which were produced for the inspection of the court for the purpose of determining the result of the election on the question of adoption. The court declined to notice judicially the fact and result of such an election.

In accordance with general principles relating to judicial notice of statutes generally, courts will recognize the provisions of a statute authorizing its adoption by a city or other political subdivision, but will not take judicial notice of an election held under its provisions on the question of adoption, or of the results of such an election. 23 C. J. 93; Shively v. Lankford, 174 Mo. 535, 74 S. W. 835; Gay v. City of Eugene, 53 Or. 289, 100 P. 306, 18 Ann. Cas. 188; State v. Kusick, 148 Minn. 1, 180 N. W. 1021. In People ex rel. v. Champaign County, 286 Ill. 363, 121 N. E. 635, 636, where there was involved a statute authorizing an election for the organization of a park district, the court said: "Courts are bound to recognize the law authorizing an election by a town to establish a park district, but they cannot take judicial notice that such an election has been ordered and held, or of its result." This rule conforms with the views of this court in City of Arlington v. Butler, 59 S. D. 443, 240 N. W. 496, concerning judicial notice of municipal ordinances.

We will make no attempt to determine other problems presented. The case is here on demurrer, and the only question is the adequacy of the pleading. We think that the complaint states a cause of action, and the order appealed from is affirmed.

All the Judges concur.