JENSEN, Respondent, v. JUUL, et al, Appellants.

(278 N. W. 6.)

(File No. 8097. Opinion filed February 25, 1938.)

*W. W. French,* of Yankton, for Appellant.
*Everett A. Bogue,* of Parker, for Respondent.

ROBERTS, P. J. This is an action by the administratrix of the estate of Thomas P. Jensen against Katherine Juul, the Irene Independent Consolidated School District, and the Town of Irene for negligently causing the death of plaintiff's intestate. The defendant school district demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, and its demurrer was sustained. The defendant Town of Irene also demurred to the complaint on the same ground, and, from an order overruling the demurrer, the defendant town appeals.

The complaint alleges, in substance, that the Irene Independent Consolidated School District is the owner and in possession of a tract of land in Hartwell's addition to the Town of Irene; that Clark avenue runs along the west side of this tract and intersects at right angles B street which extends along the north side; that the level of the tract is approximately seven feet lower than B street; that from the level of this street to the tract there is a steep and precipitous embankment; that the defendant school district and the defendant town maintain on this tract a ball park equipped with floodlights; that these defendants caused to be constructed partially within B street two concrete benches, one above the other, along the embankment; and that they at no time constructed or erected along the south shoulder of B street any danger signs or guard rails.

It is further alleged that Thomas P. Jensen was a spectator at a baseball game on the evening of September 25, 1936; that he paid an admission charge and was directed to a seat upon the concrete benches on the north side of the baseball park; that there

was a row of automobiles parked along B street above the benches; that the glare of the floodlights on the playing field so concealed the shoulder of B street and the precipitous embankment as to be extremely dangerous for motorists intending to park there; that the defendant Katherine Juul, intending to park along the south shoulder of B street, drove her automobile over the embankment striking plaintiff's intestate and causing him injuries from which he died; that the accident was caused "by reason of the careless and negligent driving of said Katherine Juul, and by reason of the defective construction of the said street, and the absence of warning signs, barricades or guard rails along the said B Street and particularly along the said south shoulder of B Street and by reason of the negligence of the said Katherine Juul and the defendants town and school district in failing to place barriers along the shoulder of said B Street as required by law, and in permitting said concrete benches to remain in an unguarded and unsafe condition"; and that the concurring acts of negligence and carelessness of the defendants were the proximate cause of the death of decedent.

██ Plaintiff seeks to set forth a cause of action under sections 2929, 2931, Rev. Code 1919, permitting recovery for death caused by wrongful act. At common law no action will lie to recover damages for the wrongful death of a human being. Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, L. R. A. 1915F, 1075, Ann. Cas. 1918A, 294; Roster v. Inter-State Power Company, 58 S. D. 521, 237 N. W. 738. The sections referred to create rights and recognize remedies unknown to the common law. In effect they provide that an action may be maintained whenever death is caused by a wrongful act, neglect, or default, which would have entitled the person injured to maintain an action if death had not ensued; that the action is for the benefit of members of deceased's family or next of kin, although it is brought in the name of the administrator or executor of the person for whose death the action is brought. These provisions do not provide for the survival of a cause of action in tort for personal injury, but create a new cause of action. Rowe v. Richards, supra; Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N. W. 466; Ulvig v. Mc-Kennan Hospital, 56 S. D. 509, 229 N. W. 383. "The corporation

which, or the person who, would have been liable, if death had not ensued," is made liable. The statute does not expressly make a municipal corporation liable, and defendant town contends that the term "corporation" in this statute has reference only to private corporations, and that the statute does not impose liability on municipal corporations.

Corporations may be classified as public, quasi public, and private. Public corporations are corporations created "for the government of a portion of the state." Section 242, Rev. Code 1919. Although a corporation may be public, and not private, because established and controlled by the state for public purposes, it does not follow that such corporation is in effect the state and that the same immunity from liability attaches. Generally, in reference to liability for torts a municipal corporation has a dual character. It is vested with powers of a governmental character for the administration of general laws of the state and no liability for tort ordinarily attaches for damages caused by negligence while in the exercise of such powers. In so far, however, as municipal corporations exercise powers not of this character, there is no immunity from liability. Norberg v. Hagna, 46 S. D. 568, 195 N. W. 438, 439, 29 A. L. R. 841. On the other hand, counties, civil townships, and school districts classified as quasi public corporations are merely instrumentalities of the state for the purpose of carrying into effect the functions of government, and, as such, are not liable for damages caused by neglectful performance of such duties, unless cause of action is expressly given by statute. Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881; Plumbing Supply Company v. Board of Education, 32 S. D. 270, 142 N. W. 1131.

We believe that it was within the contemplation of the Legislature to permit recovery in all instances where the person injured could have maintained an action and recovered damages if death had not ensued. Statutes imposing liability for death caused by wrongful act are generally construed in other jurisdictions to extend such liability to municipal corporations. 8 R. C. L. 774. But there are authorities holding to the contrary. Donohue v. City of Newport, 211 Mass. 561, 98 N. E. 1081, Ann. Cas. 1913B, 742; Chase v. Inhabitants of Town of Litchfield, 134 Me.

122, 182 A. 921. In view of the well-recognized distinction between negligence in the performance of corporate acts which have relation to the proprietary or ministerial affairs of a municipality, and negligence in the exercise of governmental functions in respect to liability to persons injured, we believe that it would be unreasonable to assume that the Legislature did not intend the word "corporation" to embrace cities and towns, and we are not disposed to follow these decisions holding to the contrary.

██ It is contended by the defendant town that the maintenance of the ball park by the defendant town was an ultra vires act and cannot be made the basis of an action for damages; that the ball park is situate on premises owned by the school district for school purposes. The authority of a municipal corporation to acquire lands for the purpose of establishing a public park and to provide for the improvement and regulation of the same is contained in subdivision 10, section 6169, Revised Code 1919. It appears from the allegations of the complaint that baseball games were played on the grounds from time to time; that the grounds were equipped with floodlights; that seating accommodations were provided for persons desiring to witness games; that the public was invited to attend upon payment of an admission charge; and that the grounds were maintained by the city and the school district. A municipal corporation is not liable for damages for tortious acts which are wholly outside the powers conferred on the municipal corporation. 43 C. J. 933; Wilson v. City of Mitchell, 17 S. D. 515, 97 N. W. 741, 65 L. R. A. 158, 106 Am. St. Rep. 784. But this is not the rule where a municipality in attempting to carry out one of its authorized functions exceeds its statutory authority. Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664; Perley v. Cambridge, 220 Mass. 507, 108 N. E. 494, L. R. A. 1915E, 432. The reasons for the rule are stated in Augustine v. Town of Brant, 249 N. Y. 198, 163 N. E. 732, 733. We quote the following from the opinion by Pound, J., in that case: "The town had the power, under the provisions of the Town Law, to establish a park. It held itself out to the public, through the action of the town board, as maintaining one. Plaintiff's intestate came there as one of the public in good faith and with no means of protecting himself by

scrutinizing the corporate powers of the town and the manner in which they had been exercised. * * * If the negligent acts are ultra vires in such a sense as to be wholly without the scope of the corporate powers of the municipality, the municipality is not answerable for the consequences resulting from them, although the persons causing the work to be done were its officers and agents, and assuming to act as such in doing it. City of Albany v. Cunliff, 2 N. Y. 165; Stoddard v. Village of Saratoga Springs, supra, [127 N. Y. 261, 27 N. E. 1030]. But ultra vires is not in all times and places a defense to tort actions against a municipality. Otherwise a municipal corporation could never be held liable in tort, for no municipal corporation is authorized to do wrongful acts. It was legitimately within the corporate power of defendant to establish and maintain parks in accordance with the statute. * * * It is of no concern to the public how the lands were acquired so long as the town was exercising its corporate functions in maintaining them. No just view of municipal exemption from the consequence of unauthorized and wrongful acts of the governing body should exempt the town from liability in this case."

 It is contended by counsel that no liability exists for the reason that defendant town was in the exercise of a governmental function. In Norberg v. Hagna, supra, and Glirbas v. City of Sioux Falls, 64 S. D. 45, 264 N. W. 196, it was held that the maintenance of bathing facilities in a public park by a municipal corporation does not constitute the exercise of a governmental function, and that an action will lie for negligence in the maintenance of such facilities. No substantial difference exists between the function of a municipal corporation maintaining bathing facilities and that of maintaining a baseball park, and there is no merit in the contention that the defendant town was not for this reason chargeable with negligence.

 Defendant town, although not an insurer of the safety of patrons, was required to use reasonable care in furnishing reasonably safe conditions for patrons within the baseball park. Norberg v. Hagna, supra; see, also, annotations in 22 A. L. R. 640, 29 A. L. R. 29, and 98 A. L. R. 557. We think that under the allegations of the complaint defendant town failed to perform this duty, and that the complaint states a cause of action

unless, as counsel contends, it appears from the face of the complaint that plaintiff's intestate was contributorily negligent as a matter of law. We are, of course, to be guided in the determination of this contention by the well-settled law that the question of contributory negligence is ordinarily a question of fact for the jury; that contributory negligence is a question of law only when the court is impelled to say from all the facts that reasonable men could not differ in opinion as to the existence of negligence. Counsel contends that deceased under the facts alleged must have appreciated the danger to which he was exposed and that the danger was as well known to the deceased as to the officers and agents of defendant town; that the deceased was required to use his faculties so as to avoid danger, and that his failure in this regard prevents recovery. The deceased was not under the allegations of the complaint present merely as a licensee, but upon invitation and after payment of an admission fee. He was present in a place provided for spectators, and there was an implied representation that the place was reasonably safe. The facts differ from those appearing in Endorf v. Johnson, 59 S. D. 549, 241 N. W. 519, which involved an accident at an automobile race. The injured person in that case was on the speed track, a place of known danger. We cannot say from the unusual nature of the accident in the instant case that plaintiff's intestate knew or should have known of the risk involved. It is alleged that the glare of the floodlights so concealed the precipitous embankment along B street as to make it dangerous for persons intending to park their automobiles. It does not appear that deceased had the experience and the opportunity to know that this condition existed. The facts alleged are such that different minds may reasonably arrive at different conclusions as to whether or not deceased exercised ordinary care.

The order appealed from is affirmed.

All the Judges concur.