**Sally Jo GROSZ, Plaintiff and Appellant,**

v.

**CITY OF SIOUX FALLS, A Municipal Corporation, Defendant and Appellee.**

**No. 14219.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1983.

Decided April 4, 1984.

Carleton R. Hoy and Danny R. Smeins of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

William P. Fuller of Woods, Fuller, Schultz & Smith, Sioux Falls, for defendant and appellee.

JOHNSON, Circuit Judge.

Plaintiff appeals the trial court's entry of summary judgment which dismissed her amended complaint on the merits and with prejudice. We affirm.

Plaintiff's original complaint alleged that defendant had negligently constructed and maintained a bicycle path, which negligence proximately caused her personal injuries. Defendant's answer alleged that the bicycle path in question was maintained under the jurisdiction of the Sioux Falls Park and Recreation Board and that the city, its governing body, and the members of the Park and Recreation Board were immune from suit by statute. After defendant moved for summary judgment on immunity

grounds, plaintiff amended her complaint to allege that the mayor, city commissioners, and city engineer were negligent in the supervision of both the construction and maintenance of the bike path. Defendant's amended answer denied that it had either constructed the bike path or that it had negligently maintained it, and again asserted the immunity conferred by SDCL 9-38-55 and SDCL 9-38-105.

The circuit court granted summary judgment in favor of defendant on the basis of governmental immunity. The trial court found that the complaint failed to state a claim upon which relief could be granted and that there existed no issues of material fact.

On appeal, plaintiff first contends that defendant is not immune from suit or liability resulting from the negligence of the mayor, city commission, and city engineer with respect to the supervision and construction of a bicycle path under the immediate jurisdiction of a park and recreation board.

Defendant is a first class municipality with a commission form of government. Pursuant to SDCL 9-38-90.1, defendant created a Park and Recreation Board, hereafter referred to as the Board, which has control and supervision of defendant's parks and recreational areas and is subject to the control and supervision of the governing body, which prescribes the rules, regulations, and responsibilities of the Board.

■ The power to define the tort liability of a municipality rests with the legislature, subject only to constitutional limitations. *Budahl v. Gordon & David Associates*, 287 N.W.2d 489 (S.D.1980).

In *Norberg v. Hagna*, 46 S.D. 568, 195 N.W. 438 (1923), this court held that a city was acting in a proprietary capacity in maintaining a public swimming pool and was therefore not immune from tort liability. Shortly thereafter, the South Dakota Legislature enacted what is now known as SDCL 9-38-55. That statute reads:

No action shall lie against the board or against the city or the governing body of the city to recover for injuries sustained by any person through the negligence of the officers or employees of the board while engaged in the improvement, maintenance, or operation of property owned or operated as a park or used for park purposes; provided that nothing herein contained shall operate to prevent any employee of the board or of the city from maintaining an action to recover damages for injuries received in the course of his employment.

In 1949 the legislature enacted what is now SDCL 9-38-105, which provides:

No action shall lie against the recreation board or against the city or the governing body of the city to recover for injuries sustained by any person through the negligence of the officers or employees of the recreation board while engaged in the operation of a system of public recreation and playgrounds; provided that nothing herein contained shall operate to prevent any employee of the recreation board or of the city from maintaining an action to recover damages for injuries received in the course of his employment.

■ The issue of whether either SDCL 9-38-55 or SDCL 9-38-105 precludes an action against the mayor, commission, or engineer based on their alleged negligent supervision of a park, playground or recreation area under the jurisdiction of a park and recreation board has never before been presented to this court.

We believe that the plain import of SDCL 9-38-55 and SDCL 9-38-105 is to immunize municipalities from tort liability arising out of the construction and maintenance of public parks, recreation areas and playgrounds. To allow plaintiff to sue the city for alleged negligence by its mayor, commissioners, and engineer would defeat the purposes and protections contained in these statutes.

Plaintiff relies heavily on dicta contained in *Bucholz v. City of Sioux Falls*, 77 S.D.

322, 91 N.W.2d 606 (1958), where this court said:

The city does not maintain that there was no liability because of the provisions of SDC supp. 45.3224 [now SDCL 9–38–55]. While that statute provides tort immunity "for injuries sustained by any person through the negligence of the officers or employees of the recreational board while engaged in the operation of a system of public recreation and playgrounds", the immunity does not extend to the assumed activities of other officers or employees of the city.

77 S.D. at 330, 91 N.W.2d at 611.

We find it significant that the immunity statute was not raised as a defense in *Bucholz*, and it appears that the recreation council was a private organization rather than a governmental agency like the Sioux Falls Park and Recreation Board. *See* 77 S.D. at 332, 91 N.W.2d at 612 (Rentto, J., dissenting). We believe that the holding in *Bucholz* must be confined to its unique facts and do not find it controlling here.

Plaintiff next contends that the doctrine of sovereign immunity is inapplicable to the case at hand since the defendant here was engaged in a proprietary rather than a governmental function in its supervision of the construction and maintenance of its bicycle path. However, in light of our interpretation of the above quoted immunity statutes as granting immunity to the defendant in this instance, we find it unnecessary to address this issue.

Finally, plaintiff claims that because material issues of fact exist as to negligence, summary judgment is improper. We disagree. Having found that the city is immune from suit, the issues of fact raised by the pleadings are no longer material.

The judgment is affirmed.

WOLLMAN, DUNN, and HENDERSON, JJ., and MILLER, Circuit Judge, concur.

MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

JOHNSON, Circuit Judge, sitting for MORGAN, J., disqualified.