**Kay L. OIEN, as Guardian Ad Litem for her Minor Child, Casie Oien, Plaintiff and Appellant,**

v.

**The CITY OF SIOUX FALLS, Defendant and Appellee.**

No. 14763.

Supreme Court of South Dakota.

Considered on Briefs April 10, 1985.

Decided Sept. 10, 1986.

Rehearing Denied Oct. 16, 1986.

---

Thomas K. Wilka of Hagen & Wilka, Sioux Falls, (Karen E. Schreier of Hagen & Wilka, Sioux Falls, on the brief) for plaintiff and appellant.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

This appeal arises from a personal injury action initiated by plaintiff Kay Oien (Oien), as Guardian Ad Litem for her four-year-old child, Casie Oien (Casie), against the defendant City of Sioux Falls (City). City filed a motion for summary judgment on grounds that SDCL 9–38–55 and SDCL 9–38–105 immunized it from liability under the facts of this case. The trial court found that SDCL 9–38–55 [1] and SDCL 9–

---

1. SDCL 9–38–55 provides:

No action shall lie against the board or against the city or the governing body of the city to recover for injuries sustained by any person through the negligence of the offi-cers or employees of the board while engaged in the improvement, maintenance, or operation of property owned or operated as a park or used for park purposes; provided that nothing herein contained shall operate to pre-

38–105[2] afforded City municipal immunity and granted City's motion for summary judgment. Oien appeals and we reverse and remand.

City employees chemically treated the water in a municipal swimming pool and left a quantity of the water treatment chemicals on the pool's edge. Casie came into contact with the chemical solution when she sat down at the pool's edge. The solution caused severe chemical burns on the child's buttocks. Immediate medical treatment was required. The child suffered pain and faces permanent scarring and potential infection. Oien alleged that City's employees negligently left some of the chemical solution on the edge of the pool during swimming hours and thereby violated City's duty of care to protect pool users from contact with such chemicals.

City asserts that SDCL 9–38–55 and 9–38–105 (park immunity statutes) shield it from negligence actions arising from its operation of parks and public recreation facilities. City relies on our holding in *Grosz v. City of Sioux Falls*, 346 N.W.2d 446 (S.D.1984), wherein we stated we believe that the plain import of SDCL 9–38–55 and 9–38–105 is to immunize municipalities from tort liability arising out of the construction and maintenance of public parks, recreation areas and playgrounds.

Oien alleges that the park immunity statutes are unconstitutional under the provisions of South Dakota Constitution art. VI, § 20, the so-called "open courts" provision which provides:

All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay.

The issue thus presented to us is: Is the legislative attempt to extend sovereign immunity to municipal operation of parks, playgrounds and pools unconstitutional? We hold that it is.

In *High-Grade Oil Co., Inc. v. Sommer*, 295 N.W.2d 736 (S.D.1980), we discussed sovereign immunity in relation to article VI, § 20, as pertains to state government. In that regard, we said:

To say that sovereign immunity is a constitutional violation is on its face an incongruity. In our republican form of government the people are the sovereign. The rights granted under the constitution are such rights as the sovereign grants. The sovereign can retain rights or qualify the grant. As we have noted ... the doctrine of sovereign immunity predates our constitution.

295 N.W.2d at 739. [W]hile ... the doctrine [of sovereign immunity] is 'judge made law,' we are reminded that it is a doctrine of long standing; so long in fact, that it antecedes the federal and state constitutions. 295 N.W.2d at 738.

We then noted that our state constitution took cognizance of the doctrine of sovereign immunity when it provided in article III, § 27, that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state."

In *State v. Board of Commissioners*, 53 S.D. 609, 630, 222 N.W. 583, 592 (1928) (quoting *Riddoch v. State*, 68 Wash. 329, 333–35, 123 P. 450, 452–53 (1912)), this court held that:

'[T]he state is inherently sovereign at all times and in every capacity. It is the organized embodiment of the sovereign power of the whole people. By reason of

vent any employee of the board or of the city from maintaining an action to recover damages for injuries received in the course of his employment.

**2.** SDCL 9–38–105 provides:
    No action shall lie against the recreation board or against the city or the governing body of the city to recover for injuries sustained by any person through the negli-

gence of the officers or employees of the recreation board while engaged in the operation of a system of public recreation and playgrounds; provided that nothing herein contained shall operate to prevent any employee of the recreation board or of the city from maintaining an action to recover damages for injuries received in the course of his employment.

this sovereignty, it possesses all powers, but only such powers, as are within the limitations of the state Constitution and without the prohibitions of the Federal Constitution. It can do no act except in the exercise of this sovereign power and within these constitutional limitations.'

And further:

[T]here is not, legally speaking, any distinction in the capacity in which the government of the state acts, or in the essential nature of its operation as a matter of law, in the performance of any one function intrusted to it by the people as compared with the performance of other functions so intrusted. We therefore hold that there cannot be successfully maintained, as a matter of law, in this state, under the circumstances here involved, a distinction between what has been frequently denominated as a [governmental] and [proprietary] capacity of the state....

53 S.D. at 632–33, 222 N.W. at 593.

■ In discussing the doctrine of sovereign immunity on a municipal level as it relates to article VI, § 20, and in the light of the provisions of article III, § 27, we are first reminded that "[a] court, in construing a constitutional provision, must give regard to the whole instrument, must seek to harmonize the various provisions, and must, if possible, give effect to all the provisions." *South Dakota Auto. Club, Inc. v. Volk,* 305 N.W.2d 693, 696 (S.D.1981). In addition, we are of course mindful that Oien bears the burden of proving beyond a reasonable doubt that the statutes violate the state constitutional provisions. There is a strong presumption that the laws enacted by the legislature are constitutional and that presumption is rebutted only when it clearly, palpably and plainly appears that the statute violates a provision of the constitution. *Matter of Certain Territorial Elec. Boundaries, Etc.,* 281 N.W.2d 65 (S.D.1979). Constitutional review of legislative enactments must be handled without regard for the legislative wisdom behind the enacted law, we must focus on its con-

stitutionality. *McDonald v. School Bd. of Yankton, Etc.,* 90 S.D. 599, 246 N.W.2d 93 (1976). Finally, this court must adopt any reasonable and legitimate construction of the statutes which will permit us to uphold the legislature's enactments. *Matter of Certain Territorial Elec. Boundaries, Etc., supra.*

In *Conway v. Humbert,* 82 S.D. 317, 322, 145 N.W.2d 524, 527 (1966), this court held: "The legislature *within constitutional limitations* unquestionably has control over the liability to which the state and its governmental subdivisions and agencies may be subjected for tort." (Emphasis added.) The opinion goes on, in an exercise of pure *dicta,* to state: "A municipality and its governing board are specifically exempted from tort liability where the activity engaged in is the improvement, maintenance or operation of a park which is under the supervision of a park board." *Citing* SDC 45.2539 (the predecessor of SDCL 9–38–55) and *Glirbas v. City of Sioux Falls,* 64 S.D. 45, 264 N.W. 196 (1935). The decision in *Glirbas,* however, did not uphold the cited statute in any manner. The issue in that case was whether the complaint against the city stated a cause of action sufficient to withstand a demurrer. The court acknowledged the existence of the statute but declined to take judicial notice that the necessary election had been ordered and held with successful results to bring the city under the provisions of the statute. Nor were the provisions of article VI, § 20, even remotely discussed.

In *Grosz, supra,* we acknowledged that shortly after the decision in *Norberg v. Hagna,* 46 S.D. 568, 195 N.W. 438 (1923), the South Dakota Legislature enacted what is now known as SDCL 9–38–55 and in 1949 enacted what is now SDCL 9–38–105. The *Grosz* decision reiterated the *Conway* statement that "[t]he power to define tort liability of a municipality rests with the legislature *subject to constitutional limitations.*" 346 N.W.2d at 447. (Emphasis added.) We further held: (1) the construction and maintenance of bicycle paths falls

within the purview of the statute; (2) under the statute it is immaterial whether the city was engaged in proprietary or governmental functions; and (3) the plain import of the park immunity statutes is to immunize municipalites from tort liability from activities within their purview. It is important to note that the constitutionality of the parks immunity statutes was not questioned in the briefs nor mentioned in the opinion. Oien is the first case in which anyone has sought to test the enactment of those statutes under the provisions of article VI, § 20.

An important aspect of our review is the relationship between the provisions of article III, § 27, and article VI, § 20. To begin with, we first are reminded of some basic constitutional law. In *State ex rel. Wagner v. Summers*, 33 S.D. 40, 49, 144 N.W. 730, 732 (1913), we stated:

It is elementary that the legislative power of the Legislature is unlimited except as it is limited by the state Constitution and federal Constitution.

It is also elementary that while the federal Constitution is viewed as a grant of power to Congress, the state Constitution is not a grant of power, but is a limitation upon the powers of the Legislature.

In *In re Heartland Consumers Power District*, 85 S.D. 205, 208-9, 180 N.W.2d 398, 400 (1970), we reiterated that holding, stating: "The Constitution of South Dakota is not a grant but a limitation upon the lawmaking powers of the state legislature and it may enact any law not expressly or inferentially prohibited by the state or federal constitutions." And further, "in order to determine that an act is unconstitutional we must find some provision that prohibits the enactment of a statute rather than for grants of such power." *Id.*, 85 S.D. at 209, 180 N.W.2d at 400. In *High-Grade Oil, supra,* we characterized article III, § 27, as recognition of the doctrine of sovereign immunity; authority for a qualified grant

of a right of action against the sovereign. Thus, we do not perceive article III, § 27, as any grant of authority to enact the parks immunity statutes. Instead, we must examine article VI, § 20, to determine whether it is indeed a prohibition against the enactment of the parks immunity statutes.

In *Simons v. Kidd*, 73 S.D. 41, 46, 38 N.W.2d 883, 886 (1949) (quoting *Mattson v. Astoria*, 39 Or. 577, 579, 65 P. 1066, 1067 (1901)), we characterized article VI, § 20, the "open courts" provision, as "a guarantee that 'for such wrongs as are recognized by the law of the land the courts shall be open and afford a remedy.'" That is to say, where a cause of action is implied or exists at common law without statutory abrogation, a plaintiff has a right to litigate and the courts will fashion a remedy. Did Oien have a remedy under the common law? We think she did.

Under the common law sovereign immunity only extended to the state and its agencies and subdivisions. Municipal corporations are not considered in all respects to be agencies or subdivisions of the state. In South Dakota, sovereign immunity extends to municipalities only to the extent that they are acting as agents for the state, *i.e.*, in a governmental capacity.

As early as 1893, this court recognized in *O'Rourke v. Sioux Falls*, 4 S.D. 47, 51, 54 N.W. 1044, 1045-46, that

[t]here are two kinds of duties imposed upon a municipal corporation, in respect to which there is a clear distinction,—one is imposed for governmental purposes, and is discharged in the interest of the public, and the other arises from the grant of some special power, in the exercise of which the municipality acts as a legal individual. In the latter case the power is not held or exercised by the municipality as or because it is one of the political subdivisions of the state, and for public governmental purposes, but as and because it is, as an individual might

be, the grantee of such power for private purposes. In such case the municipality is on the same footing with a private grantee of the same power, and is, like him, liable for an injury caused by the improper use of such power. But where the power is conferred upon the munic-'pality (sic) as one of the political divisions of the state, and conferred, not for any benefit to result therefrom to such municipality, but as a means in the exercise of the sovereign power for the benefit of the public, the corporation is not answerable for nonfeasance or misfeasance by its public agents.

*See also Jensen v. Juul,* 66 S.D. 1, 5, 278 N.W. 6, 8 (1938) wherein we held:

Although a corporation may be public, and not private, because established and controlled by the state for public purposes, it does not follow that such corporation is in effect the state and that the same immunity from liability attaches. Generally, in reference to liability for torts a municipal corporation has a dual character. It is vested with powers of a governmental character for the administration of general laws of the state and no liability for tort ordinarily attaches for damages caused by negligence while in the exercise of such powers. In so far, however, as municipal corporations exercise powers not of this character, there is no immunity from liability.

In *Board of County Commissioners,* 53 S.D. at 630, 222 N.W. at 592, we further held:

Municipal corporations enjoy their immunity from liability for torts only in so far as they partake of the state's immunity, and only in the exercise of those governmental powers and duties imposed upon them as representing the state. In the exercise of those administrative powers conferred upon, or permitted to, them solely for their own benefit in their corporate capacity, whether performed for gain or not, and whether of the nature of a business enterprise or not, they are

neither sovereign nor immune. They are only sovereign and only immune in so far as they represent the state. They have no sovereignty of their own, they are in no sense sovereign per se.

In *Norberg, supra,* we held the City of Watertown liable for negligence in the maintenance of its swimming area and in *Jensen, supra,* we held the Town of Irene liable for negligence in the maintenance of a baseball field. In both cases we determined that such activities did not constitute the exercise of a governmental function.

■ Since construction, maintenance, and operation of parks, playgrounds and pools have traditionally been held to be a proprietary function, the park immunity statutes which attempt to expand sovereign immunity to municipalities acting in a proprietary capacity and to thereby defeat a cause of action for negligent acts committed in that capacity clearly violates the constitutional limitations of article VI, § 20 of the South Dakota Constitution.

We reverse the judgment of the trial court and remand for further proceedings.

HENDERSON, J., and McKEEVER, Circuit Judge, concur.

WUEST, C.J., and FOSHEIM, J., dissent.

McKEEVER, Circuit Judge, sitting for SABERS, J., disqualified.

WUEST, Chief Justice (dissenting).

I dissent.

As stated in the majority opinion, the party asserting a statute is unconstitutional bears the burden of proving beyond a reasonable doubt the statute violates the constitution and there is a strong presumption the laws enacted by the legislature are constitutional. The majority cites cases, *O'Rourke* (1893), *supra; Jensen* (1938), *supra;* and *Board of County Commissioners* (1928), *supra,* concerning the difference

between proprietary and governmental functions.

In my opinion, such cases do not prove beyond a reasonable doubt that the park immunity statutes are unconstitutional. Nor, does appellant cite any competent authority or reasons to overturn those statutes. Governmental and proprietary functions are judge-made law, and in my opinion the legislature may change them and grant immunity as they have done by enacting the park statutes. Further, Article III, § 27 of the South Dakota Constitution, provides: "The legislature shall direct by law in what manner and in what courts suit may be brought against the State." That provision regulates sovereign immunity and any diminishment of it must come from the legislature. *High-Grade Oil Co., Inc. v. Sommer*, 295 N.W.2d 736 (S.D.1980); *Conway v. Humbert*, 82 S.D. 317, 145 N.W.2d 524 (1966).

I am authorized to state that Justice FOSHEIM joins in this dissent.