[No. 28820. Department Two. March 30, 1943.]

B. A. ANDREWS *et al., Respondents,* v. F. E. McCUT-CHEON, *Appellant.*[1]

[1]Reported in 135 P. (2d) 459.

*Bruce Bartley* and *Max R. Nicolai*, for appellant.

*J. P. Tonkoff*, for respondents.

GRADY, J.—B. A. Andrews and Violet Andrews, his wife, brought this action against F. E. McCutcheon, doing business under the name of Family Shoe Store, and Ferol Fellows, doing business under the name of Family Beauty Salon, and Douglas Fellows, her husband, to recover damages as the result of personal injuries sustained by Mrs. Andrews when she fell while descending a stairway leading from the beauty parlor.

A trial before the court and a jury resulted in a verdict in favor of the plaintiffs and against defendant McCutcheon. A motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was made by defendant McCutcheon, which the court denied, and, from the judgment entered on the verdict, he has taken this appeal.

The material facts which the jury was justified in finding in support of its verdict are as follows: The appellant occupied and operated a shoe store on the

ground floor of a building in the city of Yakima. To the rear of the building was a balcony, and leading to it from the ground floor was a stairway. In 1936, the appellant leased the balcony to Mrs. Fellows for use as a beauty parlor. At the time the lease was made, and when possession of the leased premises was taken, the appellant stated to her that he would maintain the stairs. When the lease expired, and on February 1, 1939, the appellant re-leased the premises to Mrs. Fellows for a term of five years, the lease, which was prepared by appellant, being substantially the same as the previous one except that the rent was increased.

When the new lease was made, nothing was said about the stairway or its maintenance. The appellant admitted, when speaking of the stairs, that it was necessary for him to furnish a way whereby Mrs. Fellows and her customers could get to and from the balcony, and that it was his duty to fix the stairs if anything happened to them. During the time Mrs. Fellows occupied the balcony, the appellant's employees, with his consent, tightened down the metal strips whenever it became necessary, and periodically swept and kept the stairs clean.

The patrons of the beauty parlor entered the shoe store of appellant from the street, passed through the same to the rear, and then up the stairway to the balcony. The stairway in question was three feet in width, the steps thereof eleven inches wide and seven inches high. The steps were covered with linoleum, and at the outer edge of each a corrugated metal strip was laid and fastened down with screws. At the time Mrs. Andrews was injured, the metal strips on some of the steps, and particularly the one on which she slipped, had become worn smooth by long use, were loose, and the inner edge was elevated approximately

one eighth of an inch off the linoleum. The screws were loose in some of the strips and protruded upwards an eighth of an inch, and, at times when the screws had been tightened, indentations were made in the strips and caused the inner edge to be somewhat elevated, or raised, from the linoleum.

On June 11, 1941, Mrs. Andrews and a Mrs. Smith went to the beauty parlor to ascertain its service charges. Mrs. Smith preceded the respondent down the stairs by a few steps. When respondent reached either the second or third step from the top, she stepped down to the next step with her right foot, placing the ball of that foot on the metal strip thereof and her heel on the linoleum. While she was taking the next step with her left foot, her right foot slipped on the metal strip, her right heel caught on the inner raised edge of the metal strip, and she fell, sustaining substantial injuries.

The case was tried and presented to the jury on the part of respondents Andrews from a three-fold aspect: (1) That the appellant leased to Mrs. Fellows the balcony in the building in which he operated his shoe store, and, in order to reach it, customers of the beauty parlor used a stairway at the rear left end of the shoe store, which stairway was maintained jointly by the appellant and Mrs. Fellows in a negligent manner; (2) that the appellant, when he leased the balcony, reserved control over the stairway and agreed to maintain and keep it in a good state of repair; and (3) that, if the appellant, when he leased the balcony to Mrs. Fellows, also leased with it the stairway, it was the duty of Mrs. Fellows and husband to exercise ordinary care in maintaining the stairway.

The theory of the appellant was that he leased both the balcony and the stairway, as an appurtenant

thereto, and owed no duty to the tenant or her invitees to maintain or keep the stairway in repair.

The court submitted these respective theories to the jury, and, by its verdict, the jury found that the duty to maintain and keep the stairs in a safe condition was on the part of the appellant. There is sufficient evidence, as appears from the foregoing statement of facts, to have warranted the jury in concluding and finding that it was the intention of the parties, when the lease was originally made, and in the continued relationship of landlord and tenant, that the appellant would, and did, lease the balcony to Mrs. Fellows, and that he, appellant, would maintain the stairway for her use and the use of her invitees.

In order to enjoy the use of the balcony, it was necessary that the tenant and her invitees have the use of the entrance to the building from the street and that they have the use of sufficient of the shoe store to get to the stairway, but it cannot be assumed that the lease covered other than a right of user as a means of ingress and egress. When the appellant stated to Mrs. Fellows that he would maintain the stairs, coupled with his conduct in keeping them clean along with his shoe store, his fastening down the metal strips when they became loose, his expressed recognition that it was his duty to furnish a way whereby the tenant and her customers could get to and from the balcony, and his admission that it was his duty to fix the stairs if anything happened to them, it would seem clear that it was his intention not only to lease the balcony but also to supply and maintain all the necessary means of ingress thereto and egress therefrom.

It is a general rule of law that, when premises are leased, a stairway necessary to be used with them, and which is intended shall be for the exclusive use

of the tenant and his invitees, passes as an appurtenant to the leased premises and is covered by the lease, though not specifically mentioned or described therein; but, when premises are leased to several tenants and it is necessary, in the enjoyment thereof, that they use a common stairway and no mention is made of it when the lease is made, it is not deemed to be appurtenant to the leased premises and covered by the lease, but the tenants and their invitees have the right to use the same as a means of access to the leased property.

The landlord may expressly or impliedly reserve control over the stairway in those cases where it is for the exclusive use of a single tenant and his invitees, or he may expressly or impliedly include a stairway in his leases to the several tenants and make it a part of the leased premises. As to whether or not this has been done in either case, is a question of fact. When the landlord either expressly or impliedly reserves control over the stairway, whether there be one tenant or several, the tenant or tenants will be protected in his or their right to the use of the stairway, and the landlord has the legal duty to keep and maintain the stairway in a reasonably good and safe condition for use by such tenants and their invitees.

The foregoing rules of law are announced and discussed in the following cases: *Lindbloom v. Berkman*, 43 Wash. 356, 86 Pac. 567; *Konick v. Champneys*, 108 Wash. 35, 183 Pac. 75, 6 A. L. R. 459; *Johnson v. Smith*, 114 Wash. 311, 194 Pac. 997; *McGinnis v. Keylon*, 135 Wash. 588, 238 Pac. 631; *Leuch v. Dessert*, 137 Wash. 293, 242 Pac. 14; *Holm v. Investment & Securities Co.*, 195 Wash. 52, 79 P. (2d) 708; *Brandt v. Rakauskas*, 112 Conn. 69, 151 Atl. 315; *Starr v. Sperry*, 184 Iowa 540, 167 N. W. 531; *Roman v. King*, 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263, note p. 1273; and

note 58 A. L. R. 1412. 4 Thompson on Real Property (Perm. ed.), pp. 88, 94, §§ 1594, 1596. Restatement of the Law of Torts, p. 980, § 361. 32 Am. Jur., Landlord and Tenant, p. 165, § 170, p. 564, § 689, p. 567, § 691.

The trial court, by instructions which clearly and correctly stated the law, submitted the factual question to the jury as to whether the appellant retained control over the stairway in a manner similar to that which he exercised over the ground floor of the building used for his shoe store. By its verdict, the jury found that the appellant did retain such control. There is ample evidence in the record from which the jury could have found that the appellant did not keep and maintain the stairway in a reasonably safe condition for use by the respondent, who was an invitee of the tenant.

We feel that we have discussed all the assignments of error advanced by appellant that are of substantial merit. Many of the cases cited by him relate to the theory that the stairway was a part of the leased premises and under the control of the tenant. But, as we are deciding the case upon the other theory, which we think is the applicable one, a discussion of appellant's argument and authorities would serve no useful purpose.

The judgment is affirmed.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.