WEST, Respondent, v. HANLEY et al., Appellants

(45 N. W.2d 455)

(File No. 9112. Opinion filed December 27, 1950)

**Louis H. Smith,** Sioux Falls, for Appellants.
**Stordahl, May & Boe,** Sioux Falls, for Respondent.

ROBERTS, J.    This is an action brought by Marion West to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.    The answer of appellants was a general denial of any negligence on their part and affirmatively alleged that negligence of the plaintiff was the proximate cause of her injuries.    The trial court, sitting without a jury, entered judgment for plaintiff.    Defendants P. H. Hanley and Gerald Smithlin appeal.

Appellants contend (1) that they demised the whole premises to sublessees and were not liable for bodily harm caused to plaintiff by defective condition of the leased premises; and (2) that under the facts plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff on the evening·of May 10, 1948, between 8:30 and 9 o'clock, in descending an outside stairway leading from the second floor to the parking lot in the rear of the building, slipped on the bottom step and fell and suffered injuries.    There was testimony that the step had been in a defective condition for several weeks prior to the accident. The theory of plaintiff's counsel is that this was a common stairway remaining in the control and possession of the appellants and that they were obliged to use reasonable care to keep the approaches including the stairway in a safe condition for the use of tenants or other persons lawfully using such places.

The building in question is a two-story structure fronting east on Phillips Avenue in the city of Sioux Falls and is known as the Paramount Bar building. Appellants had an assignment of a lease on the first floor of this building and a one year lease expiring September 30, 1948, on the second floor. At the time of the accident, the first floor was occupied by a bar owned by Wm. J. Kelley, who was in possession under an agreement with appellants and was joined as a defendant. The court found that Kelley was not in possession or control of the stairways leading to the second floor and as to him the action was dismissed. The second floor is divided into eight rooms. The court found that when appellants leased second floor rooms to defendant M. Gilbert they retained possession of a room described as a "ticker room" and the equipment therein and did not surrender to defendant Gilbert the exclusive use of the stairways.

This finding is attacked as being without support in the evidence. Counsel for appellants contend that Gilbert came into possession of the entire second floor including the stairways and that they were under no liability to plaintiff for injuries which she may have sustained as a result of failure to maintain the rear stairway in a reasonably safe condition. He relies on the rule prevailing in many jurisdictions that where stairways or other common passageways are not within the control of lessor he is not liable for personal injuries sustained because of defects in such places. Defendant Gilbert gave the following testimony:

"Q. And you had possession of that upstairs on May 10th of 1948?   A. The rooms that were rented to the tenants, yes.

"Q. The upstairs, you mean?   A. Part of the upstairs. I rented seven rooms upstairs, and there's eight rooms upstairs.

"Q. Was there another room that you didn't rent?   A. That's right * * *

"Q. And Mr. Gilbert, were you in and about the premises occasionally during the spring of 1948?   A. Occasionally, yes, sir.

"Q. Did you occasionally see people coming and going

to this one room you had nothing to do with? A. That's true.

"Q. And you don't know what they were doing in there, or do you know? A. Well, they had a ticker in there.

"Q And you saw folks going in and out of there? A. Naturally.

"Q. You, personally, had nothing to do with this ticker whatsoever? A. Nothing.

"Q. No interest in it at all? A. Nothing.

"Q. And of course these people had to use the stairway and hall to get to this room, didn't they? A. That's right.

"The Court: How much of the upstairs did you say you had? A. I had seven rooms upstairs, and there were eight.

"The Court: And where was the eighth room, the one you didn't have? A. On the front, south front."

■ ■ The question of the weight of the evidence was for the trial court. We cannot say that the evidence does not support the finding that appellants retained control of that part of the premises where the accident occurred.

The present case differs from Waggoner v. E. B. Northrup Co., 66 S.D. 86, 278 N.W. 542, cited by appellants. Defendent in that case appealed from an order overruling demurrer to the complaint. In the absence of an allegation respecting plaintiff's status, this court held that he could not be accorded any rights greater than those of a licensee to whom defendant owed no duty other than to refrain from wilfully and wantonly inflicting injury.

■ The court in Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 706, 39 A.L.R. 287, states the rule of liability of a landlord for personal injury to a tenant or his guest due to defective stairways and the like under his control thus: "It is the law of this state, as elsewhere; that, speaking generally, the landlord who rents the apartments in his building to various tenants, reserving control of the common approaches, is obligated to use reasonable care to keep those approaches reasonably safe for the use of the tenants; and that it is no defense that some one else is charged by him with, or assumes the performance of, that duty, if it be not performed. * * * This obligation of the landlord extends also

to all those who have lawful occasion to visit the tenants for social or business purposes; a right of ingress and egress for all such persons is essential, not merely to the enjoyment of the rented premises by the tenants, but also to the renting of them by the landlord; it is part of that for the use of which he is paid, and it exists for the mutual benefit of landlord and tenants alike."

The other question, as indicated, is whether the trial court was justified in finding that plaintiff was not contributorily negligent. Unless the facts and circumstances were such as would leave no basis for difference of opinion in the minds of reasonable men as to the imprudence of plaintiff's conduct, we would not be justified in holding that plaintiff was guilty of contributory negligence as a matter of law. When plaintiff entered the building to call on a friend residing in a second floor apartment, she ascended the front stairway and no complaint is made that this stairway was not adequately lighted and maintained. She testified that she was a stranger in the building and not familiar with it and that when she was leaving the apartment, her friend suggested that she use the rear stairway leading to the parking lot where her car was parked instead of going down the stairway at the front of the building. Appellants argue that plaintiff could have avoided the accident by using the front stairway, which was safe and that she was negligent in choosing to descend the rear stairway in the dark. There was an electric light over the rear exit which dimly lighted only the upper part of the stairway. The undisputed evidence indicates that the rear stairway was one of two usual means of ingress and egress and was not obviously dangerous. The light at the top of the stairway was in the nature of an invitation to use this exit. Plaintiff had a right to assume in the absence of knowledge to the contrary or of such circumstances as to place her on inquiry that all parts of the stairway intended for ingress and egress were in suitable condition for such use. The question was not whether plaintiff could have avoided the accident by pursuing a different course of conduct, but whether there was a want of reasonable care on the part of the plaintiff contributing to her injury as the proximate

cause thereof, without which the injury would not have occurred. Under the circumstances of the case, it cannot be said as a matter of law that plaintiff was contributorily negligent.

There was no error. The judgment of the trial court is affirmed.

All the Judges concur.