RAYMOND A. HEGGESTAD AND
ANOTHER v. DAVID K. DUBKE.

229 N. W. 2d 34.

May 9, 1975—No. 44955.

*Edward J. Hance,* for appellants.
*Robert G. Schiefelbein,* for respondent.

Heard before Sheran, C. J., and Yetka and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from an order of the Hennepin County District Court denying plaintiffs' motion for an order setting aside the verdict and granting a new trial on the basis that the jury verdict is not justified by the evidence and is contrary to law. We affirm.

The issue involved is whether the evidence presented supports the jury's finding that defendant landlord was not negligent in the maintenance of a sidewalk for the use of tenants.

Plaintiffs, Raymond and Lorraine Heggestad, for 13 years had been the occupants of the lower level of a duplex owned by defendant, David Dubke. An accident occurred on August 9, 1972, when Mrs. Heggestad tripped, stumbled, and fell, allegedly because of improperly laid sidewalk blocks. Defendant had installed this sidewalk 3 or 4 weeks before the accident. The process involved placing the concrete blocks upon the sod or upon leveled earth in two rows laid side by side. Plaintiffs apparently made no complaint to defendant regarding the condition of the sidewalk before the accident occurred. There was, in addition, testimony that plaintiff Lorraine Heggestad had walked on portions of the sidewalk at least four times, but that she substantially avoided it after the first week. However, Mr. Heggestad indicated that he used the walk daily to reach his car, both before and after the accident, and that it was used by his daughters, paper boys, and others without incident.

At approximately 8:15 p. m. on August 9, 1972, plaintiffs returned from a shopping trip. Mr. Heggestad walked ahead of his wife and into the house. It was dusk, and Mrs. Heggestad was carrying two bags of groceries and hurrying into the house. She stated that she was familiar with the walkway, but that she used it because she was in a hurry. She placed her right foot down and it allegedly stuck in the space separating two blocks. When she raised her foot to step away, the top of the shoe caught on the next block. She then fell and twisted her foot.

The court instructed the jury upon the theory of negligence—both generally and specifically with regard to violation of a statute—as follows:

"* * * Under the statutory law of this State a landlord has certain duties and obligations as set forth by the Legislature and a violation of such a statute is negligence unless there is excuse or justification. The burden of proof or proving the violation of

the statute is upon the one who asserts it, here the plaintiffs, Mr. and Mrs. Heggestad. The burden of proof of showing justification if it was violated, would be upon the one who asserts it as a defense, or, in other words, the defendant, Mr. Dubke.

"The statute to which I have reference is Section 504.18 of the Minnesota Statutes, and reads in applicable part: 'In every lease of residential premises, whether in writing or parol, the lessor— the landlord—promises that the premises and all common areas are fit for the use intended by the parties and promises to keep the premises in reasonable repair during the term of the lease.'

"A violation of a statutory duty is negligence unless a justification or excuse is established. The fact that I have read this statute to you is not an indication that it has necessarily been violated. It is for you to determine whether or not the statute is applicable depending upon what you find the facts to be. If you find the statute to be applicable, then you must also later decide whether or not a violation of the statute was a direct cause of the accident.

"In addition to the statutory duty, there is a duty imposed by the possessor of land or one who rents it out as a landlord concerning places reserved for common use. It is the duty of a landlord as to areas of the leased premises reserved for the common use of his tenants—and this would include the walkway in the back yard—to use reasonable care to maintain such areas in a reasonably safe condition. The duty to so maintain includes a duty to use reasonable care, to inspect, to discover and to repair dangerous conditions. Again, the burden of proof to establish a violation of that principle would be upon the plaintiffs, Mr. and Mrs. Heggestad."

The court further instructed the jury upon the theories of assumption of risk, causation, and comparative negligence.

The jury, in a special verdict, found that defendant was not negligent, that plaintiff Lorraine Heggestad was negligent, and that her negligence was a direct cause of the injury.

In denying plaintiff's motion for a new trial, the court stated:

"The evidence, as I view it, would have permitted the jury to find either way as to the negligence of either party. Accordingly, the issue was submitted to the jury for their verdict, of which I find neither authority nor reason to countermand."

This court has afforded great deference to jury verdicts, as exemplified by many of our prior decisions. In the recent case of Carpenter v. Mattison, 300 Minn. 273, 276, 219 N. W. 2d 625, 628 (1974), we stated:

"* * * The law is well settled in this jurisdiction that in examining a verdict on appeal the evidence must be considered in the light most favorable to the prevailing party and the verdict must be sustained if it is possible to do so on any reasonable theory of evidence. The verdict should not be disturbed unless it is manifestly and palpably contrary to the evidence."

Under the instructions given, the jury was apprised of the requirements of a duty and a violation thereof, and could thus apply those requirements to the evidence before it. There is sufficient evidence to support the jury's finding that plaintiff Lorraine Heggestad's conduct alone was the direct cause of the injury. Therefore, since there was no objection to the jury instructions as given, the only relief possible in accordance with plaintiffs' motion for a new trial would be the impaneling of another jury, and a retrial with essentially the same instructions but, as plaintiffs hope, with the opposite result. A new trial cannot be granted on such a ground. We therefore hold that the order of the lower court denying plaintiffs' motion for a new trial must be affirmed.

Affirmed.