*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2079**

Julie Ann Holtegaard and David William Streng,
Co-Trustees for the Next-of-Kin of Bruce Edward Streng, deceased,
Appellants,

vs.

Soo Line Railroad Company,
Respondent

**Filed July 14, 2014**
**Affirmed**
**Worke, Judge**

Winona County District Court
File Nos. 85-CV-11-1332, 85-CV-11-514

Sharon L. Van Dyck, Van Dyck Law Firm, PLLC, St. Louis Park, Minnesota (for appellants)

Timothy R. Thornton, Jonathan P. Schmidt, Briggs & Morgan, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellants, next of kin of decedent who was fatally injured by a train, argue that they are entitled to a new trial because the evidence does not support the jury's award of zero damages and because the district court improperly instructed the jury on primary assumption of risk. Because the evidence supports the jury's award of no damages, we affirm without reaching the jury-instruction challenge.

## FACTS

On October 19, 2009, at approximately 6:40 a.m., Bruce Edward Streng (Streng) was walking across the Soo Line/CP Railway tracks at the Johnson Street Crossing in Winona, Minnesota. As Streng moved quickly to cross the tracks, he stumbled, which caused him to fall forward onto the main track crossing and to be fatally injured by an oncoming train. On June 20, 2011, appellants Julie Ann Holtegaard and David William Streng, co-trustees for the next-of-kin of Streng, filed a wrongful-death case against respondent Soo Line Railroad Company.

During a jury trial, Streng's family testified about their relationships with Streng and the damages that they suffered as a result of his death. Streng's sister testified that she saw her brother once a week. She described him as her "best friend," and stated that he helped her through in life. Streng's brother did not testify. Streng's nephew testified that Streng was his "favorite uncle" and a positive role model for him when he was a child, but acknowledged that he did not see much of him when he got older and that in

2

2008 and 2009 Streng did not provide guidance or financial assistance. Streng's niece testified that she saw little of Streng between 2003 and 2009 and could not recall the last time that she saw Streng. Streng's niece testified that in 2008 and 2009, Streng did not provide her with guidance, advice, or assistance. There is little in the record showing any interactions between Streng and his family in the last 20 years.

Regarding the burden of proof for damages, the district court instructed the jury:

> A party asking for damages must prove the nature, extent, duration, and consequences of his or her harm. You must not decide damages based on speculation or guess.
>
> When you consider damages for [] Streng's family, determine . . . an amount of money that will fairly and adequately compensate his family members for the losses they suffered as the result of his . . . death.
>
> You should consider what [] Streng would have provided to them if he had lived. You should consider: [1] his relationships in the past, [2] his life expectancy at the time of the death, [3] his health, age, habits and talents, [4] the counsel guidance and aid he would have given his family members, [and 5] the advice, comfort, assistance, companionship and protection that [] Streng would have given if he had lived.
>
> . . . .
>
> Do not include amounts for: [1] punishing the defendant, [2] grief or emotional distress of the next of kin, or [3] the pain and suffering of [] Streng before his death.

The jury returned a verdict in favor of the railroad on liability and awarded no damages. This appeal followed.

**D E C I S I O N**

Appellants argue that they are entitled to a new trial because the jury awarded no damages despite unrebutted testimony to the contrary. A district court may grant a motion for a new trial if there were "[e]rrors of law occurring at the trial, and objected to at the time," or if the verdict "is not justified by the evidence, or is contrary to law." Minn. R. Civ. P. 59.01(f), (g). "Because the decision to grant or deny a motion for a new trial rests largely within the discretion of the district court, we review the district court's decision for clear abuse of discretion." *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 625 (Minn. 2012). This court will reverse a district court's decision on a motion for a new trial only when the "decision involves a violation of a clear legal right or a manifest abuse of discretion." *Blatz v. Allina Health Sys.*, 622 N.W.2d 376, 387 (Minn. App. 2001), *review denied* (Minn. May 16, 2001). The possibility that another trial may bring about an opposite result is not grounds for a new trial. *Heggestad v. Dubke*, 304 Minn. 129, 132, 229 N.W.2d 34, 36 (1975).

A reviewing court should not set aside a verdict on damages "unless it is manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict." *Raze v. Mueller*, 587 N.W.2d 645, 648 (Minn. 1999) (quotation omitted). "If the jury's special verdict finding can be reconciled on any theory, the verdict will not be disturbed." *Hanks v. Hubbard Broadcasting, Inc.*, 493 N.W.2d 302, 309 (Minn. App. 1992), *review denied* (Minn. Feb. 12, 1993). "[T]he plaintiff has the burden of proving damages caused by the defendant by a fair preponderance of the evidence." *Canada by Landy v. McCarthy*, 567 N.W.2d 496, 507 (Minn. 1997).

4

Here, the district court instructed the jury to consider, among other things, the relationships Streng had with his family and the counsel, guidance, aid, advice, comfort, assistance, companionship and protection he would have given had he lived. *See* Minn. Stat. § 573.02 (2012) (stating that recovery in a wrongful-death action is the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death); *Youngquist v. W. Nat'l Mut. Ins. Co.*, 716 N.W.2d 383, 386 (Minn. App. 2006) (listing factors for a jury to consider in awarding pecuniary damages). The jury was not to consider grief or emotional distress of the next of kin. *See Steinbrecher v. McLeod Co-op. Power Ass'n*, 392 N.W.2d 709, 714 (Minn. App. 1986) (excluding grief and mental anguish from wrongful-death measure of damages). The evidence, when viewed most favorable to the verdict, justifies the zero-damages finding.

Streng was unmarried and had no children. His family testified about their relationships with Streng. But the relationships were distant—particularly in the years preceding his death. When asked about the counsel, guidance, aid, advice, comfort, assistance, and companionship that would merit compensation for future pecuniary loss, Streng's niece and nephew acknowledged none. Exhibits presented to the jury depicted family events from the distant past, taking place more than 20 years before Streng died. Streng's brother did not testify, leaving no basis for an award of damages, and Streng's sister testified that they occasionally talked and shared beers, but identified no loss of counsel, guidance, aid, advice, comfort, assistance, or companionship that bears on pecuniary income. This evidence supports the jury's zero-damages award.

The death of a loved one inflicts great pain, but the law does not permit financial recovery for other than pecuniary loss. *See* Minn. Stat. § 573.02; *see also Steinbrecher*, 392 N.W.2d at 714 (excluding grief and mental anguish when measuring pecuniary loss in wrongful-death action). Therefore, the district court did not abuse its discretion by denying appellants' motion for a new trial based on an inadequate damages award.

Because there was no legal basis for an award of damages on the evidence presented, we do not reach the challenge to the jury instructions.

**Affirmed.**